(No. 36551.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES C. FULLER, Plaintiff in Error.

*Opinion filed September 28, 1962.*

OREST J. POPEL, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and DEAN H. BILTON, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

James C. Fuller and Cleveland Pearl were indicted in the criminal court of Cook County for armed robbery. As to Pearl, the indictment was stricken with leave to reinstate. Fuller was tried by the court, found guilty and sentenced to confinement in the penitentiary for a term of 8 to 10 years. He prosecutes this writ of error alleging that the People failed to prove beyond a reasonable doubt that he was the person who committed the crime.

On Saturday September 17, 1960, Jack Lezza was in his ice cream and bakery store with his 11-year-old son Salvatore. A baker, two girls and Cleveland Pearl, his employees, had left by 5:30 P.M. when he closed the store and made his accounts for the day. About 6:15 P.M. he put his money in the safe, locked the safe and was about to turn out the light when a man appeared with a gun. The man had a handkerchief on his head and another over his face. He forced Lezza to open the safe from which he took $1400. Lezza asked the man if he wanted to be let out through the front or back door. The man said the back door and Lezza went to get the key but it was missing. The man ordered Lezza and his son into a walk-in refrigerator. The intruder had trouble opening the back door and called to Lezza for instructions on how to open it. Lezza opened the refrigerator door and told him how to open the back door.

Lezza testified that at this time he was 25 feet from the intruder who had removed both of the handkerchiefs, that there was a 60-watt bulb within 5 feet of the intruder's face and that he observed his face for about 30 seconds. The boy testified that the man had removed the handkerchief from his head and held the other handkerchief crumpled in his hand over his mouth. Both the father and boy noted that the intruder had long slick hair. After the intruder left, Lezza called the police.

On Tuesday officer Krusicki and detectives Nolan and Roney went to the store and talked with Lezza. After this

conversation, they tried to locate Cleveland Pearl but could not find him. Pearl was finally located on Thursday and arrested. After having a conversation with Pearl, the detectives went to defendant's residence and arrested him. Pearl and defendant lived at the same address. Defendant was then taken to Lezza's store where Lezza identified him as the person who had robbed him. The next day Lezza again identified defendant from a line-up and the boy identified him after his father had made an identification.

At the trial, Lezza positively identified the defendant but his son could not identify him. Defendant, who had had long slick hair, was wearing his hair short at the trial. Both the father and son identified a jacket admitted in evidence as being the jacket worn by the intruder. The father described the jacket as tight-fitting and the son described it as too big for the man. The court observed the defendant as he tried the jacket and commented that a loose fitting jacket was a good description.

The defendant denied committing the crime and testified that he was helping his father at the time in question. Defendant's father and mother, a friend of the family and three neighbors appeared as alibi witnesses.

From the record before us, we are of the opinion that the identity of defendant as the perpetrator of the crime was not established beyond a reasonable doubt. Lezza testified that the intruder had both handkerchiefs off and he observed the man's face for 30 seconds. His son stated, however, that only the handkerchief on his head was off and he could only see the man's forehead and eyes. Whether the father had a satisfactory view of the intruder upon which to make an identification is shrouded with such doubt that a conviction cannot be based upon it. *People* v. *D'Antonio*, 24 Ill.2d 477; *People* v. *McGee*, 21 Ill.2d 440.

A fair inference to be gained from a reading of this record is that the arrest and conviction of defendant was based largely on a theory that he, with the aid of Pearl,

committed the robbery. Thus it was not until after a conversation with Pearl that the police arrested defendant. During the trial there was considerable reference to Pearl and emphasis was placed on the fact that Pearl worked for Lezza and that Pearl and defendant lived at the same address and were friends. There is nothing in this record to show, however, that Pearl was in any way implicated in the crime. And although the record reveals that Pearl was present during the trial, he did not testify.

The judgment of the criminal court of Cook County is accordingly reversed.

*Judgment reversed.*